# IN THE MATTER OF WING YICK COMPANY.

## March 13, 1905.

*Partnership.—Partnership and Individual Assets of Partners:* Although a partnership may be adjudged bankrupt without adjudging the partners bankrupt, yet in such case both the partnership assets and the individual assets of the partners are administered by the trustee and

marshalled to prevent preferences and secure the equitable distribution of the property of the several estates.

*Same.—Insolvency.—Allegation of:*    A partnership is not insolvent because of inability to pay its debts out of the partnership estate, but only because of its inability to pay its debts out of partnership and individual assets of the partners. It is therefore necessary, in a petition in involuntary bankruptcy against a partnership in which the act of bankruptcy charged is a preference through legal proceedings, to allege in sufficient language, such actual insolvency which may be covered by the words "the partners owe debts which they are unable to pay in full," according to form 2. The words of the petition, "that said copartners, doing business as Wing Yick Co., are insolvent," are sufficient.

*Same.—Prayer for Adjudication:*    The prayer of the petition in such case, "that said copartners may be adjudged by this court to be bankrupt," is a prayer solely for the adjudication of the partnership.

*Same.—Claims of Creditors Receiving Preferences:*    Claims of creditors who have received preferences voidable under section 60, subdivision b, not to be allowed unless such preferences are surrendered.

In Bankruptcy: Demurrer to Petition for Adjudication of Involuntary Bankruptcy.

Thompson & Clemons, Attorneys for Petitioners.

H. G. Middleditch, Attorney for Respondents.

DOLE, J.    The defendants demurred to the petition on the ground that the petition was ambiguous in that it does not appear therefrom whether the petition is against the parties defendant individually or against the alleged copartnership, and that on page one of the petition it is shown "that Lau Sai, "Lau Kam Yau, alias Lau Kau Yau, Young Wai On, Lau Yan "and Lau Koon Choi are now and at all times hereinafter men-"tioned have been copartners doing business under the firm "name and style of Wing Yick Co. * * * that said co-"partnership and none of the said copartners are wage-earners "* * * and that said copartnership owes debts to the "amount of $1,000;" and that, on page two of said petition, it is shown that, "And your petitioners further represent that said "copartners, doing business as Wing Yick Co., are insolvent," and "that they did commit an act of bankruptcy by permitting "judgment to be had against them, said copartners doing busi-

"ness as Wing Yick Co.," and praying, on page three of said petition, "that service of said petition, with a subpœna may be "made upon said copartners  *  *  *  and that said co- "partners may be adjudged by this court to be bankrupt within "the. purview of said acts;" and that said petition is uncertain, unintelligible and does not state facts sufficient to constitute a cause of action in favor of said petitioners against the defendants or any of them.   The above reference to wage- earners was evidently an oversight and was allowed to be corrected at the hearing in open court so that the petition on that point, as corrected, reads as follows:   "That neither said co- "partnership nor said copartners are wage-earners or gener- "ally engaged in farming or the tillage of the soil."   Counsel for defendants argued at the hearing that it was impossible to know from the petition whether it was intended to ask that the copartnership be declared bankrupt or that the partners individually be declared bankrupt.

Although a partnership may be adjudged bankrupt without adjudging the partners bankrupt, yet in the case of the bankruptcy of a partnership, both the partnership property and the individual property of the partners are administered by the trustee, each partner being liable for all of the debts of the firm, and the assets of the partnership and of the individual partners are marshalled so as to prevent preferences, and secure the equitable distribution of the property of the several estates:   *Bankruptcy Act.* 1898, Sec. 5; *In re Henry L. Meyer,* 98 Fed. Rep. 976, 3 Am. B. R. 559, 561.   This practice being required by the statute and a partnership not being insolvent because of inability to pay its debts out of the partnership estate, but only because of inability to pay its debts both from the partnership assets and those of the individual partners combined, it follows that in a petition in involuntary bankruptcy, against a partnership in which the act of bankruptcy charged is a preference through legal proceedings, it is necessary to allege in sufficient language, such actual insolvency, which would be covered by the words, "the said partners owe debts

"which they are unable to pay in full," according to form No. 2. *In re Blair, et al.,* 99 Fed. Rep. 76, 3 Am. B. R. 588, 591; *Vaccaro v. Security Bank,* 103 Fed. Rep. 436, 4 Am. B. R. 474. The words of the petition on this point are, "that said co-"partners, doing business as Wing Yick Co., are insolvent." This is, I think, sufficient, according to the above authorities. It is clear from the prayer of the petition "that said copartner-"ship may be adjudged by this court to be bankrupt," is a prayer solely for the adjudication of the partnership.

The demurrer is therefore overruled.

There is, however, a point raised by the allegations of the petition, upon which I will ask the counsel for further argu-ment. It appears from the petition that H. Hackfeld & Co., Ltd., one of the petitioning creditors, was suffered by the said copartners "to obtain a preference over other creditors through "legal proceedings by permitting judgment to be had against "them, said copartners doing business as Wing Yick Co., in an "action pending in the District Court of Honolulu aforesaid "wherein said H. Hackfeld & Co., Ltd., was plaintiff and said "copartners as Wing Yick Co., were defendants, on which judg-"ment execution thereafter, to wit, on the 22nd day of De-"cember, 1904, did issue and pursuant to which execution levy "was made and certain property seized and advertised to be "sold on the 30th day of January, 1905, and said copartners "as Wing Yick Co., not having at least five days before the said "day of sale of the property affected by such preference, vacated "or discharged said judgment and execution."

Division g of Section 57 of the Bankrupt Act is as follows:

"The claims of creditors who have received preferences, void-able under section sixty, subdivision b, or to whom conveyances, transfers, assignments or incumbrances, void or voidable under section sixty-seven, subdivision e, have been made or given. shall not be allowed unless such creditors shall surrender such preferences, conveyances, transfers, assignments, or in-cumbrances."

The question in my mind is whether H. Hackfeld & Co., Ltd., under the allegations of the petition, is entitled to come in as a petitioning creditor in this case, unless the amount received by it through the legal proceedings mentioned is surrendered to the bankrupt estate.

March 20, 1905. Under the reservation, in the decision on demurrer in this case, of a point for further argument, which related to a preference suffered by the copartners in favor of the petitioning creditor, H. Hackfeld & Co., Ltd., through legal proceedings whereby it was permitted to obtain a judgment against Wing Yick Co., the said H. Hackfeld & Co. having filed a waiver of its rights under such judgment, the same not having been collected, it is now in order for the respondent to answer.